## SUPREME COURT.

The Peope *ex rel.* Green agt. Fernando Wood, Mayor of
the city of New York.

If the corporation of the city of New York is indebted to an individual on any con-
tract, or for any services performed, and its proper officers refuse to pay him, or
to do anything necessary to enable him to obtain his money out of the city trea-
sury, his only remedy is by *action*.

A proceeding by *mandamus* against the Mayor to compel him to perform an act
(countersign a warrant drawn by the comptroller) which, when performed, is
intended for the protection of the corporation, and not for the benefit of the *rela-
tor*, although the result would be beneficial to him in facilitating payment of his
demand, cannot be sustained. (*The full extent of the doctrine laid down in
the case of the People ex rel. Reynolds agt. Flagg*, 17 *Barb.*, 503, *doubted.*)

*New York General Term, January,* 1862.

By the court, CLERKE, P. Justice. The provisions of the
charter, and of the ordinances declaring that no money can
be drawn from the city treasury except upon a warrant
drawn and signed by the comptroller, and countersigned
by the mayor and clerk of the common council, is an
arrangement merely for the protection of the corporation
against fraud. It is a part of the scheme of internal eco-
nomy for the more convenient regulation of its own busi-
ness, and imparts no legal rights whatever to any other
person. The duties of the municipal officers in relation to
those provisions of the charter and ordinances, are due,
and only due, to the body of whom they are the servants.

A writ of mandamus lies in favor of one person against another only, of course, when the latter owes him a legal right. If any one has a demand for a debt against the corporation, as that body can be sued in an ordinary action, proceedings by this writ are not maintainable, nor are they maintainable against any officer of that body to compel him to facilitate the satisfaction of that demand. If he refuses to do what the charter and ordinances prescribe, he fails to do what his duties to the corporation require; and to it, and to it alone, I repeat, he is responsible.

But we have been referred to the case of *The People* agt. *Flagg,* (16 *Barb. S. C. R.,* 503,) in which this court at general term, in the first district, granted a mandamus to compel the comptroller of the city to draw his warrant upon the chamberlain for certain sums due on a contract by the city to Reynolds, the relator. We consider the doctrine laid down in this case, carried to such an extent as to have a tendency to confound the salutary distinctions always to be observed between this remedy and the ordinary remedies which the law affords. Nevertheless, if a case of precisely the same nature, or precisely analogous to it, was now before us, we should consider it our duty to follow the decision referred to ; but we are certainly not inclined to go one step further.

In *The People ex rel. Reynolds* agt. *Flagg,* it expressly appeared that the work when done was not only accepted by the proper department, but the common council, acting within its legitimate powers, sanctioned the contracts and their performance, and ordered the amounts to be paid. These circumstances, it was then supposed by the court, took the case out of the general rule, and imposed a duty on the comptroller towards the relator, which the latter had a right to enforce by the writ of mandamus.

In the case before us, although the bill upon which the warrant in question was drawn, was approved by the city inspectors, examined and found correct by the auditor, and

approved by the comptroller, yet the common council did not order it to be paid, or take any specific action in relation to it. In the case also above referred to, the proceedings were instituted against the financial officer of the corporation, who had special control of the money which the common council had ordered to be paid ; but this proceeding is against the mayor, to compel him to perform an act which, when performed, is intended for the protection of the corporation, and not for the benefit of the relator, although the result doubtless would have been beneficial to him in facilitating payment of his demand. An incidental advantage, however, does not constitute a legal right. If the corporation is indebted to the relator on any contract, or for any services performed, and its proper officers refuse to pay him, or to do anything necessary to enable him to obtain his money out of the city treasury, his only remedy is by action. If he cannot establish and enforce his claim in this way, he is without a remedy.

The order of the special term should be reversed, and the writ of mandamus denied, with costs.

BARNARD, J., concurred.